Ziwmerman, J.,
 

 dissenting. I do not agree with the majority of the court that the transactions involved in the pending case can be declared a conditional sale as a matter of. law.
 

 In examining the record, several significant facts appear. The order for the automobile, bearing date of May 11, 1937, and containing the printed statement that the title to and right of possession of the motor vehicle should remain with the seller unti1 conveyed or until the full purchase price was paid, also contained
 
 *45
 
 the printed statement that the terms of sale were upon an advance deposit, with balance payable on delivery. It definitely appears that the defendant, the C. I. T. Corporation, knew nothing about such order or its phraseology. The bill of sale issued by Trinity Motors, Inc., to the plaintiff was of the form in general use in Mahoning county at the time.
 

 On May 24, 1937, thirteen days after the order for the automobile was signed, plaintiff and his mother-in-law executed a promissory note and chattel mortgage to Trinity Motors, Inc., covering the motor' vehicle purchased, in which they agreed to pay the sum of $884.64 in equal monthly installments, with interest from maturity. The chattel mortgage contained recitations to the effect that ownership of the mortgaged vehicle was in the plaintiff. Both the plaintiff and Mark Ohl, manager of Trinity Motors, Inc., testified that it was intended‘and understood that plaintiff was the owner of the automobile, subject to the payment of the mortgage. It is certainly true that the sale of the automobile would not have been completed except for the money furnished by the C. I. T. Corporation in exchange for the plaintiff’s note and mortgage.
 

 In the annotation in 95 A. L. R., at page 334, it is remarked:
 

 * * a reservation of title under a contract of conditional sale is lost by the taking of a chattel mortgage covering the same property, the title reserved in the seller being superseded by the lien of the mortgage. • This view is supported by the great weight of authority.” See 24 Ruling Case Law, 448, Section 745.
 

 And in
 
 Chicago Cottage Organ Co.
 
 v.
 
 Crambert,
 
 78 Ohio St., 149, 84 N. E., 788, the court stated that the execution of notes and a chattel mortgage by the buyer is foreign to the consummation of a conditional sales contract.
 

 Reliance is placed upon the case of
 
 Speyer & Co.
 
 v.
 
 Baker,
 
 59 Ohio St., 11, 51 N. E., 442, in support of the proposition that where chattels are sold under a con
 
 *46
 
 ditional sales agreement and later repossessed by reason of default in the payment of the purchase price, the right of the buyer to take advantage of Section 8570, General Code, requiring the seller to return a portion of the money paid on such a contract, is not affected by the fact that he executed to the seller a chattel mortgage on the goods purchased. However, in the
 
 Speyer case
 
 the mortgage was executed
 
 simultaneously
 
 with the purchase, and the Supreme Court affirmed the judgment of the Circuit Court, which reversed the judgment of the trial court for the defendant and awarded a new trial. See 35 Ohio Jurisprudence, 672, Section 8.
 

 In the present case it is important to remember that thirteen days elapsed between the time the order for the automobile was signed and the chattel mortgage was executed, and it could be found, under the evidence, that the chattel mortgage was substituted for the conditional sale suggested by the order for the automobile. 95 A. L. R., 349, annotation.
 

 In my opinion, it became at least a jury question as tó whether the conditional sale contemplated by the order did not develop into a transaction whereby transfer of title to the buyer was mutually understood and intended with the taking of a chattel mortgage as security for the balance owed. ■ And I am not so sure there should not have been a directed verdict for the defendant on the theory that plaintiff, by voluntarily executing a
 
 negotiable
 
 note and mortgage, which were sold to the defendant corporation for a valuable consideration subsequent to the date of the order for the automobile, estopped himself from reliance upon a conditional sale as against the defendant.
 

 I therefore dissent from the judgment of affirmance herein. '
 

 Hart, J., concurs in the foregoing dissenting opinion.